UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN W. McKINNEY

                Plaintiff,

     v.

JOHN MILLS, *et al.*,

                Defendants.

Case No. C08-5720 BHS/KLS

SECOND ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure 72. The case is before the Court upon review of Plaintiff's First Amended Complaint. After reviewing the First Amended Complaint and balance of the record, the Court orders that the Plaintiff again amend his complaint as he has failed to state a claim under Section 1983 as to the Pierce County Sheriff's Department. The Court offers the following guidance.

**DISCUSSION**

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of

ORDER
Page - 1

was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

In his amended complaint, Mr. McKinney has added the "Pierce County Sheriff's Department" as a defendant, but includes no factual allegations describing how his civil rights were violated by any official policy or practice of the department.

To state a Section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir.1988). A municipality cannot be held liable under section 1983 unless the alleged deprivation of civil rights was caused by official municipal policy or practice. *Monell v. Department of Social Servs.,* 436 U.S. 658, 690-91 (1978); *Gillette v. Delmore,* 979 F.2d 1342, 1346 (9th Cir.1992) (per curiam), *pet. for cert. filed,* 62 U.S.L.W. 3165 (U.S. Aug. 5, 1993) (No. 93-315). Inadequate training can form the basis for municipal liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact." *City of Canton v. Harris,* 489 U.S. 378, 388 (1989). Where liability is premised on a policy of inadequate training, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823-24 (1985).

Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable § 1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. *See also, Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Mr. McKinney has named the Pierce County Sheriff's Department, but it is not a "person" under Section 1983. Mr. McKinney can only proceed against the Department if his allegations factually support that he was deprived of a constitutional right by a Department policy or inadequate training by the Department.

## CONCLUSION

Due to the deficiencies described above, the Court finds that dismissal of Mr. McKinney's amended complaint as to his claims against the Pierce County Sheriff's Department is proper. However, Mr. McKinney shall be given an opportunity to file a second amended complaint to cure, if possible the above noted deficiencies, or show cause explaining why this matter should not be dismissed **no later than March 13, 2009.** If Plaintiff files a second amended complaint under § 1983, the amended complaint shall consist of a **short and plain statement** showing that he is entitled to relief.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. **Thus, Plaintiff's remaining claims against other defendants must be repeated.** Plaintiff shall present his amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "Second Amended Complaint" and Cause Number C08-5720BHS/KLS must be written in the caption**. Plaintiff must submit a copy of the "First Amended Complaint" for service on each named defendant.

**Plaintiff is cautioned that if he fails to show cause or amend his complaint by March 13, 2009, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).**

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

Dated this 13th day of February, 2009.

Karen L. Strombom
United States Magistrate Judge