UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN W. McKINNEY,

    Plaintiff,

v.

JOHN MILLS, *et al.*,

    Defendants.

Case No. C08-5720 BHS/KLS

REPORT AND RECOMMENDATION

**Noted For:
April 24, 2009**

  This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local MJR 3 and 4. The Court granted Plaintiff Jonathan McKinney leave to amend his proposed civil rights complaint to cure several deficiencies. After reviewing Plaintiff's proposed amended complaint, the Court again granted Mr. McKinney leave to amend or show cause why certain claims should not be dismissed. Mr. McKinney has failed to respond to the Court's order to amend or show cause. Accordingly, the undersigned recommends that Mr. McKinney's claims against the Pierce County Sheriff's Department be dismissed with prejudice prior to service for failure to state a claim and that this matter be re-referred to the undersigned for further proceedings.

## BACKGROUND

  Mr. McKinney was granted leave to proceed *in forma pauperis* on December 12, 2008. Dkt. # 3. The Court reviewed Plaintiff's proposed civil rights complaint (Dkt. # 4) and on December 12, 2008, the Court directed Mr. McKinney to file an amended complaint or show cause why this matter should not be

REPORT AND RECOMMENDATION
Page - 1

dismissed. Dkt. # 5. Mr. McKinney filed his First Amended Complaint on December 29, 2008. Dkt. # 6. After review, the Court found that Mr. McKinney had complied with the Court's Order, but that the First Amended Complaint contained an additional pleading deficiency. Mr. McKinney added the Pierce County Sheriff's Department as a defendant in the First Amended Complaint, but included no factual allegations describing how his civil rights were violated by any official policy or practice of the department. Dkt. # 7.

To state a Section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir.1988). A municipality cannot be held liable under section 1983 unless the alleged deprivation of civil rights was caused by official municipal policy or practice. *Monell v. Department of Social Servs.,* 436 U.S. 658, 690-91 (1978);*Gillette v. Delmore,* 979 F.2d 1342, 1346 (9th Cir.1992) (per curiam), *pet. for cert. filed,* 62 U.S.L.W. 3165 (U.S. Aug. 5, 1993) (No. 93-315). Inadequate training can form the basis for municipal liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact." *City of Canton v. Harris,* 489 U.S. 378, 388 (1989). Where liability is premised on a policy of inadequate training, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823-24 (1985).

Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable § 1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. *See also, Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Mr. McKinney named the Pierce County Sheriff's Department, but it is not a "person" under Section 1983. Mr. McKinney can only proceed against the Department if his allegations factually support that he was deprived of a constitutional right by a Department policy or inadequate training by the Department.

Mr. McKinney was granted leave to file a second amended complaint on or before March 13, 2009. Dkt. # 7. He has not complied with the deadline. It does not appear that this defect can be cured and dismissal of this claim prior to service is, therefore appropriate. *Franklin v. State of Oregon, State Welfare*

REPORT AND RECOMMENDATION
Page - 2

*Division*, 662 F.2d 1337 (9th Cir. 1981). Service of the First Amended Complaint may, however, proceed without the defective claim.

## CONCLUSION

Mr. McKinney has failed to state a cause of action against the Pierce County Sheriff's Department under 42 U.S.C. § 1983. Accordingly, the undersigned recommends that Mr. McKinney's claims against the Pierce County Sheriff's Department should be **dismissed without prejudice,** and this case re-referred to the undersigned for further proceedings.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 24, 2009**, as noted in the caption.

DATED this 6th day of April, 2009.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge