UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN W. MCKINNEY,

                Plaintiff,

v.

C/O JOHN MILLS,

                Defendant.

No. C08-5720 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for: December 4, 2009**

Presently before the Court is the Motion to Dismiss of Defendant Corrections Officer John Mills. Dkt. 13. Defendant claims that Plaintiff Johnathan W. McKinney's complaint should be dismissed pursuant to Rule 12(b)(6), because Plaintiff has failed to exhaust his administrative remedies, has failed to state a claim on which relief can be granted, and lacks standing as to some of the remedies he seeks. *Id*. Mr. McKinney filed a response and motion for leave to file a second amended complaint. Dkt. 25.

For the reasons stated below, the Court recommends that the motion to dismiss be granted on the grounds that Mr. McKinney has failed to exhaust his administrative remedies.

**BACKGROUND**

Mr. McKinney filed his motion for leave to proceed *in forma* pauperis and proposed complaint on November 25, 2008. Dkt. 1. On December 12, 2008, the court ordered Mr.

REPORT AND RECOMMENDATION - 1

McKinney to file an amended complaint or show cause why certain claims should not be dismissed. Dkt. 5. Mr. McKinney filed a First Amended Complaint on December 29, 2008. Dkt. 6. After review, the court found that Mr. McKinney had complied with the court's order, but that the First Amended Complaint contained an additional pleading deficiency. Mr. McKinney added the Pierce County Sheriff's Department as a defendant in the First Amended Complaint, but included no factual allegations describing how his civil rights were violated by any official policy or practice of the department. Dkt. 7. The court again ordered Mr. McKinney to file an amended complaint or show cause why his claims against the Pierce County Sheriff's Department should not be dismissed. Dkt. 7. Mr. McKinney did not respond. The court recommended, and the district judge agreed, that Mr. McKinney had failed to state a claim against Defendant Pierce County Sheriff's Department and that this case shall proceed only against Defendant John Mills. Dkts. 8 and 9.

Mr. McKinney alleges that Defendant Mills, a corrections officer at the Pierce County Jail ("PCDCC") was arguing with another inmate in front of him and Mr. McKinney jokingly said "Ya Boner!" to Defendant Mills. Dkt. 6, p. 3. He alleges that Defendant Mills then "smacked [him] in the back of the head, hard enough to slam [his] teeth together." *Id*. Mr. McKinney further alleges that during the end of 2007 into the first part of 2008, he observed that whenever any inmates were patted in or out of the cell by Defendant Mills, they were subjected to very hard slaps to the chest, abdomen and rib cage area. *Id*.

Mr. McKinney was subsequently transferred to the Shelton Detention Center (Dkt. 11) and is now incarcerated at the McNeil Island Corrections Center (MICC) . Dkt. 20.

Mr. McKinney asks the court to: 1) direct the firing of Defendant Mills and ensure that he is never again "granted a position of authority;" (2) award $500,000.00 for mental anguish, pain

REPORT AND RECOMMENDATION - 2

and suffering and cruel and unusual punishment; and (3) release him from the Pierce County Jail pending trial on his "alleged forgery charge."[1] Dkt. 6, p. 4.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12 motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Two working principles underlie the Supreme Court's decision in *Bell Atlantic*; first, the tenant that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (citing *Twombly*, 550 U.S. at 555). Second, determining whether a complaint states a plausible claim is context-specific, requiring the viewing court to

---

[1] This last request is moot as Plaintiff has already been convicted. Dkt. 13, p. 3 n 1 and Appendix (containing verdict form, warrant of commitment and Judgment and Sentence in *State v. McKinney*, Pierce County Superior Court Case No. 08-1-04728-0. The court may take judicial notice of court records. *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980).

REPORT AND RECOMMENDATION - 3

draw on its own experience and common sense. *Id*. (citing *Twombly*, 550 U.S. at 556). A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 129 S.C. at 1948-51.

A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Before the court "may dismiss a pro se complaint for failure to state a claim, it "must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); see also *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted where amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

**DISCUSSION**

By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 532 U.S. 516, 532 (2002).

REPORT AND RECOMMENDATION - 4

The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. *Id.* at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. *Jones v. Bock*, 549 U.S. 199, 216 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Wyatt v. Terhune*, 315 F.3d 1108, 1117-19 (9th Cir.), *cert. denied sub nom. Alameida v. Wyatt*, 540 U.S. 810 (2003). The defendants bear the burden or raising and proving the absence of exhaustion. *Wyatt*, 315 F.3d at 1119.

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.*. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust – a procedure closely analogous to summary judgment – then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." *Id.* at 1120 n. 14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120. *See also Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005), *cert.denied* 549 U.S. 1204 (2007). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." *Jones*, 549 U.S. at 221.

REPORT AND RECOMMENDATION - 5

In this case, there is no dispute that there is a grievance process at PCDCC and that Mr. McKinney did not file a grievance. Dkt. 6, p. 2. In his complaint, Mr. McKinney noted that there is a grievance procedure available at PCDCC and that he did not file any grievances concerning the facts relating to this complaint. *Id*. In explanation, Mr. McKinney states: "Complaint filed on 11-02-08. It's still under investigation by Lt. Sperling. Grievance form not given to me." *Id*.

A search of PCDCC's records confirms that the only grievance filed by Mr. McKinney was unrelated to the facts in this lawsuit. Dkt. 22, Exh. A.

According to the Prison Information Handbook given to all inmates of the PCDCC, Mr. McKinney's first step in the grievance process is to request a grievance form from the Housing Officer. Dkt. 22, Exh. B. Mr. McKinney did not do so and instead contacted the Floor Sergeant, Sgt. Steve Jones. *Id.* At Sgt. Jones's request, Mr. McKinney completed a "Handwritten Statement Form," as part of PCDCC's internal investigation into Mr. McKinney's complaint. *Id.*; Dkt. 6, p. 2. The Handwritten Statement resulted in a departmental investigation of Defendant Mills. Dkt. 14, p. 2, Exh. D. At the conclusion of the investigation, Mr. McKinney's complaints were sustained and Mr. Mills was given a written reprimand on February 5, 2009, stating in part:

> This letter constitutes a letter of one written reprimand relative to the allegations contained in both IPR 08-238 and IPR 08-241 regarding the following Department Manual violations of Pierce County Sheriff's Department; Use of Force 3.05.010, Courtesy 3.02.280, and Treatment of Persons in Custody 3.02.570.
>
> This disciplinary action is taken in view of the fact that the allegation of Department Manual violation, Courtesy 3.02.280 was sustained.

Dkt. 14, Exh. D.

REPORT AND RECOMMENDATION - 6

Mr. McKinney filed his complaint in this action on December 29, 2008, before PCDCC's internal investigation had been completed.

One of the purposes of the PLRA's exhaustion requirement is to afford corrections officials an opportunity to address complaints internally. 42 U.S.C. § 1997e(a). When Mr. McKinney completed his handwritten statement, this purpose was arguably met as the statement resulted in a department investigation of Defendant Mills and a written reprimand. However, the record is clear that Mr. McKinney did not avail himself of the available grievance procedures, including all levels of appeals available to him upon receipt of responses to his grievances. Most importantly, Mr. McKinney did not wait until PCDCC's investigation of the matter was concluded prior to filing his complaint in this action; a complaint which asks that additional administrative personnel action be taken against Defendant Mills.

Inmates must pursue all levels of administrative review to satisfy the requirements of § 1997(e) in a timely manner. *White v. McGinnis*, 131 F.3d 593 (5th Cir. 1997). Mr. McKinney has not done so. Section 1997e(a) does not say that exhaustion of administrative remedies is required *before* a case may be decided. It says, rather, that " [n]o action shall be brought with respect to prison conditions ... until such administrative remedies as are available are exhausted." Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201. Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further the Congressional objectives to reduce the quantity and improve the quality of prisoner suits, while permitting exhaustion *pendente lite* will inevitably undermine attainment of them. *Id*.

Thus, Mr. McKinney was not excused from complying with PCDCC's established grievance procedures. Accordingly, the evidence reflects that Mr. McKinney filed this lawsuit prematurely and has not yet fully exhausted his administrative remedies. Claims that are not exhausted must be dismissed and this court lacks discretion to resolve those claims on the merits. See e.g., *McKinney*, 311 F.3d 1198.

## CONCLUSION

For the reasons stated above the Court should **GRANT** Defendant Mill's motion to dismiss (Dkt. 13) and Plaintiff's Complaint (Dkt. 6) should be **DISMISSED WITHOUT PREJUDICE**. Mr. McKinney's motion for leave to file an amended complaint (Dkt. 25) should also be **Denied** in light of the dismissal without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 4, 2009**, as noted in the caption.

**DATED** this  11th  day of November, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8