1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN W. MCKINNEY,

                              Plaintiff,

        v.

JOHN MILLS, PIERCE COUNTY JAIL,
ROB MASKO, and SGT. JONES,

                              Defendants.

No. C08-5720 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for:  July 23, 2010**

        Before the court is Defendants' motion to dismiss Plaintiff's Second Amended Complaint

(Dkt. 32).  After careful review of the motion, opposition, supporting affidavits, and balance of

the record, the court recommends that Defendants' motion to dismiss be granted and Plaintiff's

claims dismissed without prejudice for failure to exhaust.

*BACKGROUND*

A.      *Plaintiff's First Amended Complaint*

        Mr. McKinney filed his motion for leave to proceed *in forma* pauperis and proposed

complaint on November 25, 2008.  Dkt. 1.  On December 12, 2008, the court ordered Mr.

McKinney to file an amended complaint or show cause why certain claims should not be

dismissed.  Dkt. 5.  Mr. McKinney filed a First Amended Complaint on December 29, 2008.

ORDER - 1

Dkt. 6.  After review, the court found that Mr. McKinney had complied with the court's order, but that the First Amended Complaint contained an additional pleading deficiency.  Mr. McKinney added the Pierce County Sheriff's Department as a defendant in the First Amended Complaint, but included no factual allegations describing how his civil rights were violated by any official policy or practice of the department.  Dkt. 7.  The court again ordered Mr. McKinney to file an amended complaint or show cause why his claims against the Pierce County Sheriff's Department should not be dismissed.  Dkt. 7.  Mr. McKinney did not respond.  The court recommended, and the district judge agreed, that Mr. McKinney had failed to state a claim against Defendant Pierce County Sheriff's Department and that this case shall proceed only against Defendant John Mills.  Dkts. 8 and 9.

In his First Amended Complaint, Mr. McKinney alleged that Defendant Mills, a corrections officer at the Pierce County Jail ("PCDCC") was arguing with another inmate in front of him and Mr. McKinney jokingly said "Ya Boner!" to Defendant Mills.  Dkt. 6, p. 3.  He alleges that Defendant Mills then "smacked [him] in the back of the head, hard enough to slam [his] teeth together."  *Id*.  Mr. McKinney further alleged that during the end of 2007 into the first part of 2008, he observed that whenever any inmates were patted in or out of the cell by Defendant Mills, they were subjected to very hard slaps to the chest, abdomen and rib cage area. *Id*.

The undersigned recommended that Defendants' motion to dismiss Plaintiff's First Amended Complaint be granted because Plaintiff failed to exhaust his administrative remedies, and that his motion for leave to file a second amended complaint be denied in light of the dismissal without prejudice.  Dkt. 26.  Mr. McKinney filed objections to the Report and Recommendation, along with a proposed Second Amended Complaint.  Dkt. 28.  On January 25,

ORDER - 2

2010, the District Court denied the Report and Recommendation, finding that Plaintiff's proposed second amended complaint "alleges facts that, if true, could establish that Plaintiff's attempts to engage in the prison's grievance process were thwarted by the prison staff," and that it is unclear whether Plaintiff began the grievance process through the submission of a handwritten statement.  Dkt. 29, p. 2.  The matter was re-referred to this court.  *Id.*   On February 2, 2010, this court granted Plaintiff's motion to amend and directed that his Second Amended Complaint be served on the Defendants by the U.S. Marshal.  Dkt. 30.

B.     *Plaintiff's Second Amended Complaint*

In his Second Amended Complaint, Plaintiff names the Pierce County Jail, John Mills[1], Sgt. Jones and Rob Masko as defendants.  Dkt. 31, p. 1.  He alleges that on October 24, 2008, Defendant Mills struck him on the back of his head without warning or reason, causing injury to Plaintiff that requires corrective surgery.  *Id.*, p. 3.  He alleges that he requested a grievance form from the unit officer and in response was given six forms with Pierce County Sheriffs/Tacoma Police department captions, which he filled out and returned.  *Id.*  Thereafter, Defendant Mills was removed from the area where Plaintiff was housed.  *Id.*  Plaintiff alleges that as "an exhaustion of state remedy," he received a letter of apology from Chief Masko that was dated February 5, 2009 and sent to his old street address in Roy, Washington.  *Id.*, p. 4.

Plaintiff also alleges that before, during and after the above incident, he complained of receiving assaultive pat-searches by Defendant Mills while other guards watched.  *Id.*  After he complained to Sgt. Jones, Plaintiff alleges that he was removed from his position as a trustee and has his legal paperwork seized and destroyed in response to having complained.  *Id.*

---

[1] Plaintiff refers to "James" Mills in this comoplaint.

ORDER - 3

1   Plaintiff alleges that Defendant Jones violated the First Amendment when he obstructed

2   Plaintiff's right to seek redress of grievance by denying him grievance forms and when he

3   permitted others to retaliate against Plaintiff.  *Id.*  He alleges that Defendant Masko and the

4   Pierce County Jail had a duty to properly hire, train and supervise Defendants Mills and Jones

5   and that these defendants breached this duty by the negligent hiring, training and supervision

6   "which was the proximate cause of the injury to plaintiff."  *Id.*, p. 5.  Finally, Plaintiff alleges

7   that this conduct comprise the tort of intentional infliction of emotional harm/outrage.  *Id.*

8

9   C.   *Defendants' Motion to Dismiss (Dkt. 32)*

10   On February 19, 2010, Defendants filed a second motion to dismiss on the grounds that

11   Plaintiff has failed to exhaust his administrative remedies and failed to state a claim upon which

12   relief can be granted as to the newly named defendants Pierce County Jail, Sgt. Jones and Rob

13   Masko.  Dkt. 32.  Plaintiff responded to the motion.  Dkt. 40.[2]  Because the undersigned finds

14   that Plaintiff failed to exhaust his administrative remedies, Defendants' additional grounds for

15   dismissal need not be reached.

16

17   *DISCUSSION*

18   A.   *Failure to Exhaust*

19   The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative

20   remedies prior to filing a complaint in federal court.  The relevant portion of the PLRA states:

21

22   _____

23   [2] Plaintiff also seeks leave to again amend his complaint (Dkt. 45-2), and provides a "Sworn Affidavit in Support of Third Amended Complaint," dated March 9, 2010 and filed April 12, 2010.  Dkt. 48.  Contrary to its title, the affidavit contains no allegations supporting Plaintiff's proposed Third Amended Complaint, but was apparently submitted to oppose evidence accompanying Defendants' motion to dismiss.  Defendants move to strike the affidavit on the grounds that it is untimely and prejudicial.  Dkt. 51.  The court finds that the affidavit is untimely as it was filed one month after the noting date of the motion to dismiss and clearly includes information that Plaintiff has had in his possession since the filing of his first pleading.  Neither the affidavit nor motion to amend shall be considered by the court in determining whether Defendants are entitled to dismissal of Plaintiff's claims based on a failure to exhaust.

24

25

26

ORDER - 4

1
2
3
4

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

5
6
7
8
9
10
11
12
13
14
15

This requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002)[3]. Further, "[a]ll 'available' remedies" must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." *Id*. at 524. Inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance, and must do so in a timely manner. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825 (2001); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006). The purpose of the exhaustion requirement is to "reduce the quantity and improve the quality of prisoner suits; . . . [and] afford corrections officials . . . opportunity to address complaints internally. . . . 42 U.S.C. § 1997e(a). *McKart v. United States*, 395 U.S. 185, 195 (1969).

16
17
18
19
20
21
22
23
24

In deciding whether the PLRA exhaustion standard has been met, it must be remembered that § 1997e(a) is an affirmative defense. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have the burden of raising and proving the absence of exhaustion. *Id*. There can be no "absence of exhaustion" unless some relief remains "available," and a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. *Brown v. Valoff*, 422 F.2d 926, 937 (9th Cir. 2005).

25
26

---

[3] Contrary to Plaintiff's suggestion, it is well settled that the exhaustion requirements of the PLRA apply to pretrial detainees as well as prisoners. See e.g. *Panaro v. City of North Las Vegas*, 432 F.3d 949, 950, 952 (9th Cir.2005). The Supreme Court has held that exhaustion is required even if money damages are not available through the grievance process. *Booth*, 532 U.S. at 733-34.

ORDER - 5

In his Second Amended Complaint, Mr. McKinney alleges that when he requested a grievance form from an unidentified unit officer, he was told that the only way to obtain the form was by submitting an inmate kite to the grievance sergeant.  Dkt. 31, p. 3.  On November 1, 2008, Mr. McKinney sent an inmate kite to the grievance sergeant complaining that he had been assaulted by a corrections officer.  *Id.*

In his affidavit, Sgt. Jones states that he was substituting or the absent graveyard floor sergeant on November 2, 2008, when he spoke with Plaintiff regarding Plaintiff's complaint against Officer Mills.  Dkt. 33, p. 2.  After this conversation, Sgt. Jones went to his supervisor, Lt. Beech, who told him to bring a piece of paper and writing utensil to Mr. McKinney so that he could write down his complaint in his own words.  Dkt. 14, p. 2.  Such a witnessed and attested statement was necessary to initiate an internal investigation of a Corrections Officer.  *Id.*  Sgt. Jones provided this to Mr. McKinney.  *Id.*

When Mr. McKinney expressed his concern that any report of the incident be kept confidential, Sgt. Jones states that he explained to Mr. McKinney that grievances are difficult to keep anonymous because of the levels of review and that grievances are delivered throughout the process by various correctional officers.  Dkt. 33, p. 2.  Sgt. Jones states that he informed Mr. McKinney that completing a handwritten statement form for purposes of an investigation could be sealed and would be more confidential than filing a grievance.  Dkt. 33, p. 2.   According to Sgt. Jones, Plaintiff then responded that he wished to file only the "handwritten statement" form because he wanted it to remain as anonymous as possible.  *Id.*  Sgt. Jones further states that Plaintiff never asked him for a grievance form and he never refused to provide a grievance form to Plaintiff.  *Id.*

ORDER - 6

1     Mr. McKinney's handwritten statement was used in the internal investigation of

2   Defendant Mills.  Dkt. 14, p. 2.  Defendant Mills was reprimanded for a Courtesy 3.02.280

3   violation, but not for violation of Use of Force 3.05.010 and Treatment of Persons in Custody

4   3.02.570.  *Id.*, Exh. D.

5     It is undisputed that the handwritten statement form is not a grievance form.  Dkt. 14,

6   Exh. C.

7     The affidavits of Sgt. Jones and Pam Lacipierre reflect that there is an established

8   grievance process at the Pierce County Jail and that Plaintiff was familiar with the process

9   because he previously filed a grievance.  Plaintiff previously filed a grievance on February 3,

10  2008 regarding dental care needs.  Dkt. 15, Exh. A; Dkt. 33, pp. 2-3; Dkt. 36, pp. 3-4.  Ms.

11  Lacipierre also states that between the time of the October 2008 incident and Plaintiff's transfer

12  out of the Pierce County Jail on May 12, 2009, "inmates had sufficient access to grievance forms

13  that they were able to file 168 grievances – 35 of which concerned complaints about staff

14  treatment of inmates."  Dkt. 36, pp. 3-4.

15    In his affidavit, Sgt. Jones states that Mr. McKinney could have requested a grievance

16  form from any sergeant and from his housing unit sergeants (day, evening and graveyard).  Dkt.

17  33, p. 2.  As a trustee, Mr. McKinney was on the work crew and would also have had access to

18  the sergeant who supervised his work.  *Id.*  As a trustee, Mr. McKinney was present at Formal

19  Inspections every week at which time he also had direct in person access to Chief Masko and

20  Command staff to pass on any concerns or complaints regarding access to grievance forms.  *Id.*,

21  pp. 3-4.

22    Mr. McKinney alleges that when he requested a grievance form from Sgt. Jones, he was

23  provided only the forms to complete the handwritten statement that was used in the internal

ORDER - 7

1  investigation of Officer Mills.  Dkt. 31, p. 3.  He further states that his remedies were exhausted

2  when he received a letter from Chief Masko at the conclusion of the internal investigation.  *Id.*,

3  p. 4.

4          Exhaustion is not excused even where an inmate is denied a grievance form unless "there

5  was no other source for obtaining a grievance form or ... any other attempt to obtain a form or to

6  file a grievance without a form."  *Jones v. Smith*, 266 F.3d 399, 400 (9th Cir. 2001).  Thus, the

7  issue turns on whether Mr. McKinney could have obtained grievance forms from others other

8  than Sgt. Jones and the evidence reflects that clearly he could have.

9

10         It is undisputed that there were several sources from which Plaintiff could have obtained

11 a grievance form, i.e., any sergeant, any housing unit sergeant on the day, evening or graveyard

12 shifts, the sergeant who supervised Mr. McKinney's work, or Chief Masko during weekly

13 inspections.  Dkt. 33, p. 2.

14         Therefore, the undersigned finds that plaintiff failed to exhaust and recommends that

15 Defendants' motion to dismiss Second Amended Complaint on the grounds that he failed to

16 exhaust his administrative remedies be **GRANTED** and Plaintiff's claims be dismissed without

17 prejudice.

18

19                                        **CONCLUSION**

20         Based on the foregoing, the undersigned recommends that Defendant's Motion to

21 Dismiss (Dkt. 32) be **GRANTED for failure to exhaust,** and that Plaintiff's claims should be

22 dismissed without prejudice.

23

24         Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

25 Procedure, the parties shall have fourteen (14) days from service of this Report and

26 Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections

ORDER - 8

1  will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140

2  (1985).

3        Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

4  matter for consideration on **July 23, 2010**, as noted in the caption.

5

6

7        DATED this  29th  day of June, 2010.

8

9

10                                        Karen L. Strombom
                                          United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 9